## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**JOSHUA SIMPSON**                                                           **PLAINTIFF**

                                              **CIVIL ACTION NO. 3:19-CV-879-JRW**

**LINCOLN HERITAGE COUNCIL, INC.**
**BOY SCOUTS OF AMERICA** *et al.*                                     **DEFENDANTS**

### ORDER

Plaintiff Joshua Simpson filed the instant *pro se* civil-rights employment action against Defendants Lincoln Heritage Council, Inc. Boy Scouts of America; Boy Scouts of America; Jason Pierce; David Sikes; unknown employees, agents, and/or servants of Lincoln Heritage Council, Inc. Boy Scouts of America; and unknown employees, agents, and/or servants of Boy Scouts of America.  Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Upon review, the Court will allow the complaint to proceed beyond initial screening.

Accordingly, **IT IS ORDERED** as follows:

(1) **The Clerk of Court shall issue summons and effect service of process of the complaint (DN 1) and this Order on the named Defendants by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure**.  *See* Fed. R. Civ. P. 4(c)(3).

(2) **As to the Unknown Defendant(s),** the Court advises that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Because the Court is required to screen the complaint prior to service, the Court will count the 90 days from the date of this Order.  Accordingly, **Plaintiff has 90 days from the date of this Order within which to move to amend his complaint to name specific Defendants or show good cause for his failure to do so.**  Plaintiff is put on notice that his failure to meet the requirements of the Federal Rules of Civil Procedure could result in dismissal of this action as to the Unknown Defendants.[1]

(3)     The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to the opposing party.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(4)     Should Plaintiff change addresses during the pendency of this matter, Plaintiff must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel.  *See* LR 5.2(e).

(5)     Plaintiff is **WARNED** that failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(6)     Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to **Magistrate Judge Colin H. Lindsay** for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters,

---

[1] This Order shall in no way constitute a determination that Plaintiff's claims against any later named defendants would be timely.

including discovery issues. Judge Lindsay is further authorized to conduct one or more settlement conferences in this matter.

   (7)  The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se* **Non-Prisoner Handbook**.

*Justin R Walker*, District Judge
United States District Court

January 08, 2020

cc: Plaintiff, *pro se*
   Defendants (as directed above)
   Magistrate Judge Lindsay
B117.011