UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JOSHUA SIMPSON<br><br>   Plaintiff,<br><br>vs.<br><br>LINCOLN HERITAGE COUNCIL, INC., BOY SCOUTS OF AMERICA; BOY SCOUTS OF AMERICA; JASON PIERCE, in his official and individual capacity; DAVID SIKES, in his official and individual capacity; Unknown Employees, Agents AND/OR Servants of Lincoln Heritage Council, Inc., Boy Scouts of America; Unknown Employees, Agents AND/OR Servants of Boy Scouts of America,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:19-cv-879-JRW-CHL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNSTAYED DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF BANKRUPTCY OR, IN THE ALTERNATIVE, STAY FOR NINETY DAYS

Plaintiff, Joshua Simpson ("Plaintiff"), respectfully submits this response in opposition to the Unstayed Defendants' Motion to Stay Proceedings Pending Resolution of Bankruptcy or, in the Alternative, Stay for Ninety Days, up to and including June 17, 2020, submitted by the Unstayed Defendants Lincoln Heritage Council, Inc., Jason Pierce, and David Sikes ("Unstayed Defendants"). Plaintiff opposes a stay of proceedings pending the resolution of the bankruptcy of the Defendant Boy Scouts of America (the "Stayed Defendant"). Although the preference of the Plaintiff is to move forward and begin the discovery process with the Unstayed Defendants, Plaintiff will agree to stay proceedings for ninety days, up to and including June 17, 2020.

1. On December 2, 2019, Plaintiff filed his Complaint against Unstayed Defendants and Defendant, Boy Scouts of America (the "Stayed Defendant").

2. Answers or other responsive pleadings to the Plaintiff's Complaint of the Stayed Defendant and the Unstayed Defendants were due on February 18, 2020.

3. On February 17, 2020, the Stayed Defendant and Unstayed Defendants moved the Court for an extension of time to answer the Plaintiff's Complaint, up to and including March 17, 2020, citing the need to investigate the allegations made in the Complaint.

4. On February 28, 2020, the Court granted the Defendants' motion for an extension of time as to the Unstayed Defendants but denied the motion as moot as to the Stayed Defendants due to the automatic stay imposed by 11 U.S.C. § 362; the Unstayed Defendants' answer to the Plaintiff's Complaint were due on March 17, 2020.

5. Plaintiff opposes the Unstayed Defendants motion to stay all proceedings pending resolution of the bankruptcy of the Stayed Defendant ("Bankruptcy Action").

6. Pursuant to 11 U.S.C. § 362(a) (1), the filing of a petition for protection in Bankruptcy Court operates as an automatic stay as to the bankruptcy petitioner. The automatic stay "facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor…." *Lynch v. Johns-Manville Sales Corp.*, 710 F. 2d 1194, 1196 (6th Cir. 1983).

7. During the time that the Stayed Defendant is formulating their plan with respect to its reorganization in the Bankruptcy Action, the discovery process should commence with as the majority of the information and/or documents is in the possession of or is accessible to the Unstayed Defendants.

8. While the Plaintiff opposes any stay of proceedings, Plaintiff will, however, agree to stay the proceedings for ninety days to allow for the formulation of any plan for the reorganization for the Stayed Defendant.

9. The Stayed Defendant would not be substantially burdened by participating in the defense of the Unstayed Defendants because the legal fees are covered, as stated in the motion, under their insurance policy. Further, the Unstayed Defendants maintain local counsel that they could move forward with and relieve any alleged burden that may potentially exist for the Stayed Defendant.

10. Plaintiff respectfully opposes this motion made by the Unstayed Defendants for the Court to stay the proceedings pending the resolution of the bankruptcy of the Stayed Defendants or, in the Alternative, Stay for Ninety Days. The intention of 11 U.S.C. § 362(a)(1) is for the stay to be applied to the debtor and not any of the solvent codefendants that did not petition for bankruptcy. The Plaintiff favors moving forward with discovery with the Unstayed Defendants, but will, however, agree to stay proceedings for ninety days, up to and including June 17, 2020. There is no set time for a bankruptcy to be resolved, and as such, could extend this case by an undeterminable amount of time. Plaintiff opposes any stay of proceedings beyond the ninety days, up to and including, June 17, 2020, as moved by the Unstayed Defendants to the Court.

**WHEREFORE,** Plaintiff, Joshua Simpson, respectfully requests that this Court deny the Unstayed Defendants' motion to stay proceedings pending the resolution of the bankruptcy of Defendant Boy Scouts of America. Plaintiff respectfully requests that the proceedings continue with the Unstayed Defendants, but will however, agree to temporarily stay the proceedings for ninety days, up to and including June 17, 2020.

Respectfully submitted,

Joshua Simpson
115 Orchard Hills Drive, #324
Jeffersonville, IN 47130
(502) 544-9470
jsh.simpson@gmail.com

JOSHUA SIMPSON
Pro Se

DATED: April 8, 2020

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
20 APR 10 PM 12:55

Joshua Simpson v. Lincoln Heritage Council, Inc., et al.
Case # 3:19-CV-879-JRW-CHL