UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-879-RGJ-CHL

**JOSHUA SIMPSON,**                                                                                        **Plaintiff,**

**v.**

**LINCOLN HERITAGE COUNCIL, INC., et al.,**                                 **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Stay all Proceedings Pending Resolution of Bankruptcy or, in the Alternative, Stay for Ninety Days filed by Defendants Lincoln Heritage Council, Inc.; Jason Pierce; and David Sikes (collectively, the "Non-Stayed Defendants"). (DN 16.) Plaintiff Joshua Simpson ("Plaintiff") filed a Response to the Motion (DN 21), and the Non-Stayed Defendants filed a Reply (DN 22).[1] Therefore, this matter is ripe for review.

For the reasons set forth below, the Non-Stayed Defendants' Motion (DN 16) is **GRANTED**.

**I.      BACKGROUND**

    **A.     Factual and Procedural Background**

Plaintiff filed his Complaint on December 2, 2019, alleging numerous causes of action including discrimination; retaliation; defamation; breach of contract; and violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act ("FLSA"), and the Kentucky Civil Rights Act ("KCRA"), among other statutes. (DN 1.) The Plaintiff's Complaint

---

[1] The Non-Stayed Defendants argued that Plaintiff's Response was untimely and should be stricken. (DN 22.) Plaintiff filed a Notice of Incorrect Filing Date, informing the Court his Response was placed in the afterhours drop-box on Wednesday, April 8, 2020, and that such date should replace the April 10, 2020, filing date listed on his response. (DN 23.) In the interest of justice, and given that access to the Clerk's Office was restricted at the time of the response's filing due to the COVID-19 pandemic, the Court will consider Plaintiff's response.

named multiple Defendants, including the Non-Stayed Defendants and Defendant Boy Scouts of America (the "Boy Scouts"). (*Id.*) Plaintiff generally alleged that the Defendants unlawfully discriminated and retaliated against him as a result of his sexual orientation. (*Id.*)

On February 18, 2020, the Boy Scouts filed a petition for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 20-10343-LLS (the "Bankruptcy Action") and filed its Suggestion of Bankruptcy in this action. (DN 12.) The Boy Scouts' Suggestion of Bankruptcy notified this Court and the Plaintiff that its chapter 11 bankruptcy filing triggered an injunction under 11 U.S.C. § 362 staying the continuation of this proceeding against it. (*Id.* at PageID # 81.) On March 16, 2020 the Non-Stayed Defendants filed the instant Motion to Stay all Proceedings Pending Resolution of Bankruptcy or, in the Alternative, Stay for Ninety Days. (DN 16.)

**B.     The Instant Motion**

In their Motion the Non-Stayed Defendants urged this Court to stay all proceedings pending resolution of the Boy Scouts' bankruptcy or, in the alternative, stay all proceedings for ninety days. (DN 16.) The Non-Stayed Defendants argued that granting this stay would further the purposes of the automatic stay by relieving the Boy Scouts of the financial pressure that drove it into bankruptcy (pending lawsuits) and permitting the Boy Scouts to formulate a plan with respect to its reorganization in the Bankruptcy Action. (DN 16-2, at PageID # 123.) The Non-Stayed Defendants asserted granting their Motion would not prejudice the Plaintiff as his claims against both the Boy Scouts and the Non-Stayed Defendants arise from the same facts. (*Id.* at PageID # 126.) Rather, denying their Motion would prejudice both parties as neither would be able to conduct discovery of the Boy Scouts and Plaintiff's full requested relief would not be available. (*Id.* at PageID # 125-26.) Further, denying the Motion would substantially burden the

2

Boy Scouts, whose pre-bankruptcy insurance covered the Non-Stayed Defendants' legal fees, and who, before the bankruptcy, participated in the Non-Stayed Defendants' defense. (*Id.* at PageID# 102.) The Non-Stayed Defendants pointed out they comprise an organization chartered by the Boy Scouts and two employees of the organization. (*Id.*)

The Plaintiff opposed a stay of proceedings but agreed to a ninety day stay to allow the Boy Scouts time to formulate a reorganization plan. (DN 21, at PageID # 150.) The Plaintiff argued the discovery process should commence between him and the Non-Stayed Defendants as their legal fees are covered under their insurance policy, thus no substantial burden would be placed on the Boy Scouts by participating in the Non-Stayed Defendants' defense. (*Id.*) Further, the Non-Stayed Defendants maintain local counsel thus alleviating any burden on the Boy Scouts. (*Id.*) Plaintiff argued that the purpose of the automatic stay is for the benefit of the debtor, not solvent codefendants, and a stay pending bankruptcy could extend proceedings by an undeterminable amount of time. (*Id.*)

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in any court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). While civil proceedings against the debtor are automatically stayed pursuant to 11 U.S.C. § 362, it is generally accepted that the automatic stay cannot be invoked by entities other than the debtor, such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor. *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983); 11 U.S.C. § 362 (2018). However, in "unusual circumstances" solvent codefendants have been deemed entitled to benefit from a stay as to the debtors. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. 1992);

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000); *Stoller v. Baldwin-United Corp.*, 41 B.R. 884, 889 (S.D. Ohio 1984); *USCO S.p.A. v. ValuePart, Inc.*, No. 2:14-cv-02590-JPM-TMP, 2015 U.S. Dist. LEXIS 99117, at *6-7 (W.D. Tenn. July 29, 2015). The evaluation of threshold unusual circumstances requires a factual analysis to determine the outcome of a requested stay. *Stoller*, 41 B.R. at 889. Sufficiently unusual circumstances exist where "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *In re Eagle-Picher Indus., Inc.*, 963 F.2d at 858.

Here, the Non-Stayed Defendants are not wholly separate and distinct from the Boy Scouts. Rather, the Non-Stayed Defendants compromise an organization chartered by the Boy Scouts and two employees of said organization. (DN 16-2, at PageID # 102.) Adding to this entanglement, the Boy Scouts was participating in the legal defense of the Non-Stayed Defendants pre-bankruptcy and carried an insurance policy for the Non-Stayed Defendants' legal fees. (*Id.*) Further, the Court agrees with the Non-Stayed Defendants, that advancing discovery between themselves and Plaintiff would indirectly involve and burden the Boy Scouts. The Court also finds it likely that if the case continued against the Non-Stayed Defendants, the Boy Scouts would be forced to participate in the legal defense of the Non-Stayed Defendants.

Given the entanglement of the Non-Stayed Defendants and the Boy Scouts, this Court finds granting the requested stay as to the Non-Stayed Defendants would further the purpose of the automatic stay—allowing the Boy Scouts a breathing spell and permitting time to formulate a reorganization plan. *See* S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978) (discussing the purposes of the automatic stay). The Court also finds that the Non-Stayed Defendants have demonstrated sufficient unusual circumstances to justify a stay of proceedings.

**III.   ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED that the Non-Stayed Defendants' Motion to Stay all Proceedings Pending Resolution of Bankruptcy or, in the Alternative, Stay for Ninety Days (DN 16) is **GRANTED**.  All Proceedings as to Defendants Lincoln Heritage Council, Inc.; Jason Pierce; and David Sikes are hereby **STAYED** pending the resolution of the bankruptcy proceedings filed by Defendant Boy Scouts of America or further order from this Court.  Plaintiff and Defendants Lincoln Heritage Council, Inc.; Jason Pierce; and David Sikes shall file a joint status report on **December 22, 2020**, and every ninety days thereafter regarding the status of the bankruptcy proceedings.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

September 23, 2020